UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES KEE,

          Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

          Defendant.

CASE NO. C11-5784 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 18), and Defendant's objections to the R&R (Dkt. 19).

## I.    PROCEDURAL BACKGROUND

On September 11, 2011, James Kee ("Kee") filed a complaint requesting judicial review of an administrative law judge's ("ALJ") decision that Kee is not disabled. Dkt. 1- 3. On June 19, 2012, Judge Strombom issued the R&R recommending that the Court reverse and remand the ALJ's decision. Dkt. 18. On July 3, 2012, the Commissioner filed objections to the R&R. Dkt. 19. On July 16, 2012, Kee responded. Dkt. 20.

## II.    DISCUSSION

A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"

and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1)(B). In this case, the Commissioner objects to two main portions of the R&R, which are addressed below.

**A.    Mr. Engard's Opinion**

The Commissioner argues that contrary to Judge Strombom's recommendation, the ALJ's partial rejection of the opinions of Mr. Engard, a physician's assistant, should not be affirmed. Dkt. 19 at 3. In the R&R, Judge Strombom quoted from a portion of Mr. Engard's opinion:

> After examining [the] claimant, Mr. Engard diagnosed [the] claimant with lower back pain which moderately affected his ability to sit, stand, walk, lift, and carry (Exhibit 16F/3). He concluded [the] claimant's work level was sedentary and specifically reported [the] claimant had restricted mobility,agility or flexibility in bending, climbing, crouching and stooping (Exhibit 16F/3). He estimated [the] claimant could sit for thirty minutes, stand for five minutes, and walk for fifteen minutes, and [the] claimant would be unsafe on ladders (Exhibit 16F/3). I give some weight to Mr. Engard's opinion, however, the record as a whole does not support finding [the] claimant is quite as limited as Mr. Engard assessed.

Dkt. 18 at 11. Judge Strombom found that "the ALJ failed to adequately explain why he did not adopt the specific duration limitations on sitting, standing and walking assessed" by Mr. Engard. Dkt. 18 at 11. Judge Strombom concluded that the ALJ erred and was "required to provide germane reasons" for rejecting his testimony. *Id*. at 11-12 (*citing Lewis v. Apfel*, 236 F.3d 503, 512.

The Commissioner also asserts that the ALJ did not err when he concluded "I give some weight to Mr. Engard's opinion, however, the record as a whole does not support finding [the] claimant is quite as limited as Mr. Engard assessed." Dkt. 19 at 3. The

1 Commissioner contends that under *Lewis*, an "ALJ need only give arguable germane
2 reasons for rejecting" Mr. Engard's testimony, and it is not necessary for the ALJ to
3 "clearly link his determination to those reasons." *Id*. (*citing Lewis*, 234 F.3d at 512). He
4 argues that the ALJ, in this case as in *Lewis*, detailed the evidence in the record and
5 reasonably concluded that the evidence did not show that Kee was "quite as limited as
6 Mr. Engard assessed." Dkt. 19 at 3.

7 The Commissioner also contends that even if the ALJ did err, the error was
8 harmless. *Id*. at 5. While the Commissioner agrees that the ALJ correctly rejected the
9 opinions of Dr. Paul Gowen and Dr. Nancy Borman with respect to Kee's ability to sit,
10 stand and walk, he argues that the ALJ implicitly discredits the opinion of Mr. Engard, a
11 functionally lay witness, who described the same limitations. *Id*. at 4 (*citing Molina v.*
12 *Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012)). Thus, the Commissioner concludes the
13 ALJ's rejection of Mr. Engard's lay opinions should be affirmed. Dkt. 19 at 5.

14 Kee argues that unlike *Lewis*, the ALJ here simply referred to the "record as a
15 whole." Dkt. 20 at 2. Kee contends that Judge Strombom properly rejected the reference
16 to the "record as a whole" as insufficient because it was too vague to qualify as a
17 "germane" reason for rejecting the opinion. *Id*. (*citing Lewis*, 236 F.3d at 511-12). The
18 Court agrees with Kee and finds that Judge Strombom's reasoning was sound and
19 supported by case law. *See Lewis*, 236 F.3d at 511-12. The ALJ's decision regarding the
20 opinion of Mr. Engard lacks the requisite detail to support the ALJ's conclusion. *Id*.

21 Additionally, as Kee argues, the ALJ's error was not harmless. Dkt. 20 at 2-4. As
22 Kee points out, in *Molina*, the ALJ had "include[d] reference to ... the third party

1  statements submitted in support of the claimant" when rejecting the claimant's own
2  credibility. *Id*. (*citing Molina*, 674 F.3d at 1114-15).  The *Molina* Court determined that
3  the ALJ's "reasons for rejecting Molina's testimony regarding her symptoms []were
4  equally relevant to the similar testimony of the lay witnesses, and that would support a
5  finding that the lay testimony was similarly not credible." *Id*. at 1115.  This reasoning is
6  not applicable here. While the ALJ may have given legally sufficient reasons for rejecting
7  the opinions of Dr. Gowen and Dr. Borman, the record does not indicate that these
8  reasons were "equally relevant" to the rejection of Mr. Engard's opinion.  *See id*.  The
9  Court concludes the ALJ's error was not harmless.

10 **B.    Dr. Hay's Testimony**

11         The Commissioner argues, contrary to Judge Strombom's recommendation, that
12 remanding the case based on the omission of certain postural limitations identified by
13 David Hays, M.D. was error.  Dkt. 19 at 5-7.  Dr. Hays stated that Kee "may work in an
14 environment that does not involve … repetitive bending or twisting." *Id*. at 5.  However,
15 he did not include the bending or twisting limitations in the Residual Functional Capacity
16 ("RFC") assessment. *Id*.  Judge Strombom found that the ALJ erred in failing to explain
17 why he did not adopt the limitation on repetitive bending and twisting noted by Dr. Hays,
18 but he still gave the doctor's opinion "significant weight."  Dkt. 18 at 20.  The
19 Commissioner contends that Judge Strombom erred by failing to consider his argument
20 that the ALJ's error pertaining to Dr. Hay's opinion was harmless.  Dkt. 19 at 5.
21 According to the Commissioner, the limitation regarding "no repetitive bending or
22

twisting" would not significantly erode the occupational base for a full range of sedentary work, which Kee was found able to perform. *Id*. at 7.

Although Judge Strombom did not explicitly consider whether the error was harmless, her ruling implies that it was not harmless error. Dkt. 18 at 20. She recommended remanding the case in part because the ALJ found that the medical evidence in the record indicated Kee's limited ability to bend and twist, which called into question the ALJ's determination that he could perform the full range of sedentary work. *Id*. Based on this failure, combined with the ALJ's lack of explanation as to why he did not adopt the durational limitations Mr. Engard placed on Kee's ability to sit, stand and walk, Judge Strombom found that the justification of the ALJ's RFC assessment was incomplete, which warrants remand. *Id*. at 20-21. The Court agrees.

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1)     The R&R is **ADOPTED**; and

(2)     This action is **REMANDED** to the Social Security Administration.

Dated this 17th day of October, 2012.

                                               BENJAMIN H. SETTLE
                                               United States District Judge